UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIZABETH KUC,

      Petitioner,

v.                              Case Nos.: 2:22-cv-56-SPC-MRM
                                          2:18-cr-190-SPC-MRM-4

UNITED STATES OF AMERICA,

      Respondent.
_____/

## OPINION AND ORDER[1]

Before the Court is Petitioner Elizabeth Kuc's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1).[2]  The Government responded in opposition (Doc. 7).  Kuc did not reply.

## BACKGROUND

A grand jury charged Kuc with three counts: (1) conspiring to distribute and possess with intent to distribute controlled substances, including crack cocaine, heroin, and fentanyl; (2) distributing fentanyl; and (3) distributing crack cocaine.  (Cr-Doc. 3).  After a three-day trial, she was convicted on all counts and sentenced to thirty years in prison.  (Cr-Doc. 542; 660 at 54).  Kuc

---

[1] Disclaimer: Documents hyperlinked to CM/Cr-Doc. are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Citations to this docket are "(Doc.)."  Citations to the criminal case—*United States v. Kuc*, No. 2:18-cr-190-SPC-MRM-4 (M.D. Fla.)—are "(Cr-Doc.)."

appealed, and the Eleventh Circuit affirmed.  (Cr-Doc. 714).

Now, Kuc apparently contends her lawyer (Lee Hollander) was ineffective.  She claims he would not assist her appeal, and she could have received less time by pleading out if Hollander didn't push her to trial.  The Court liberally construes this as a § 2255 Motion to set aside her sentence.[3]  *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

## LEGAL STANDARD

**A.  28 U.S.C. § 2255**

A prisoner in federal custody may move for her sentence to be vacated, set aside, or corrected on four grounds: (1) the imposed sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was over the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  A § 2255 motion "may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (stating § 2255 relief is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice" (internal quotations omitted)).  The petitioner bears the burden of proof on a § 2255 motion.  *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015).  And §

---

[3] When asked in the Motion form what relief is requested, Kuc wrote: "Inefixtive Counsel/Compassiate Release (sic)." (Doc. 1 at 12).  Compassionate Release is requested in a motion under 18 U.S.C. § 3582(c)(1)(A).  Kuc sought that relief, which the Court denied.  (Cr-Doc. 728).

2255 motions are subject to a one-year statute of limitations, usually beginning on the date the conviction becomes final.   28 U.S.C. § 2255(f).

## B.  Ineffective Assistance of Counsel

Criminal defendants have a Sixth Amendment right to reasonably effective assistance of counsel.   In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person may get relief under the Sixth Amendment.   466 U.S. 668, 687-88 (1984).   A petitioner must establish: (1) counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense.   *Id.*   Failure to show either *Strickland* prong is fatal.   *See Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir. 2010) (The "court need not address both *Strickland* prongs if the petitioner fails to establish either of them.").

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"   *Sealey v. Warden*, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland*, 466 U.S. at 689).[4]   The second prong requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"   *Id.* at 1355 (quoting *Strickland*, 466 U.S. at 694).   "A reasonable probability is

---

[4] Indeed, "Judicial scrutiny of counsel's performance [is] highly deferential."   *Strickland*, 466 U.S. at 689.

a probability sufficient to undermine confidence in the outcome, which is a lesser showing than a preponderance of the evidence." *Id.* (cleaned up). "At the same time, 'it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding' because 'virtually every act or omission of counsel would meet that test.'" *Id.* (quoting *Strickland,* 466 U.S. at 693).

## EVIDENTIARY HEARING

A court must hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "If the petitioner alleges facts, that if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Griffith v. United States,* 871 F.3d 1321, 1329 (11th Cir. 2017) (quoting *Aron v. United States,* 291 F.3d 708, 714-15 (11th Cir. 2002)). A petitioner need only allege, not prove, facts that would entitle him to relief. *Id.* But the alleged facts must be reasonably specific and non-conclusory. *Aron,* 291 F.3d at 715 n.6; *see also Allen v. Sec'y, Fla. Dep't of Corr.,* 611 F.3d 740, 745 (11th Cir. 2010). Further, if the allegations are "affirmatively contradicted by the record" and "patently frivolous," the court need not hold an evidentiary hearing. *Id.*

Kuc does not request an evidentiary hearing. Even so, her allegations are conclusory and non-specific. So an evidentiary hearing is unwarranted.

## DISCUSSION

Less than a year passed between the time Kuc's judgment was final and her filing the Motion. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (If prisoner does not petition for certiorari, conviction becomes final upon expiration of ninety-day period for seeking cert.). So the statute of limitations is inapplicable.

On the merits, Kuc grounds her claim in the right to reasonably effective assistance of counsel. Under *Strickland*, her Motion does not pass muster.

As for the first prong, Kuc has not shown Hollander's assistance was below the objective standard of reasonableness. Nor does she overcome the strong presumption in favor of reasonableness. At bottom, Kuc says Hollander unreasonably pushed her to trial. Yet the Motion lacks any specific, non-conclusory facts. While a petitioner need not conclusively prove his claims within a 2255 motion, he must allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014).

Kuc offers nothing to support her claim. The Motion provides no factual basis to assess the sufficiency of Hollander's assistance. Put simply, the Court is left guessing why a "push" to trial (whatever that even means) was unreasonable. Attorneys are within their rights to advise clients to take cases to trial, even when the advice does not work out as planned. *See, e.g., Mostowicz v. United States*, 625 F. App'x 489, 494 (11th Cir. 2015) (affirming denial of a

2255 because petitioner made no showing rebutting the presumption that counsel's recommendation to deny a plea-offer was reasonable).  With no facts to support her claim, the Motion falls short.

What's more, Kuc's statement that she could have received a lower sentence by taking a plea deal is not sufficient on its own to suggest unreasonableness.  Rather, it is a truism applying in almost every criminal case brought to trial.  Kuc needed to explain how an open plea would have resulted in a shorter sentence.  And conclusory statements won't do.  Likewise, for Hollander's assistance on appeal, Kuc claims he would not help or file anything.  That just isn't true.  Hollander filed and briefed her appeal (Cr-Doc. 544).[5] While the Eleventh Circuit affirmed, the record belies Kuc's charge of no assistance.

As to the second prong, Kuc must show with reasonable probability that she would have pled guilty if not pushed to trial by Hollander (among other requirements).  *E.g.*, *Broderick v. United States*, No. 8:18-cv-1058-T-27SPF, 2020 WL 1511854, at *5 (M.D. Fla. Mar. 30, 2020) (cleaned up).  Without this key fact, prejudice is not established.  Her only claims follow: "My lawyer told me to take it to trial," and she "could have got less then 30 yr if [she] would have just plead out direct and not went to trial but [her] lawyer push the issue." (Doc. 1 at 1, 7 (errors in original)).  This is more of a regretful and retrospective correction than a definitive showing of prejudice.

---

[5] The Court takes judicial notice of the Eleventh Circuit's docket.  Fed. R. Evid. 201(b).

The record betrays Kuc's after-the-fact theory. Kuc took the stand and vigorously declared her innocence at trial. This makes it impossible to see how she would have pled guilty if not for a "push" from counsel. It is Kuc's burden—not the Government's—to show that but-for Hollander's "push" the case would have turned out different. Because Kuc only offers unadorned, conclusory statements, she didn't carry her burden.

With both *Strickland* prongs unsatisfied, the Motion fails.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking relief under § 2255 has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make such a showing, a petitioner must reveal that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citations omitted).

Kuc did not make the requisite showing here and may not have a certificate of appealability on the grounds in her Motion.

Accordingly, it is now

**ORDERED:**

1. Petitioner Elizabeth Kuc's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**.

2. The Clerk is **DIRECTED** to deny any pending motions, terminate all deadlines, enter judgment, and close this case.

3. The Clerk is **DIRECTED** to file a copy of this Order in the related criminal case (*United States v. Kuc*, 2:18-cr-190-SPC-MRM-4).

**DONE** and **ORDERED** in Fort Myers, Florida on June 28, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record